IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BRISON KEITH HUMPHREY, <br> TDCJ No. 00582721, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | Civil Action No. 7:17-cv-00097-O-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Brison Keith Humphrey, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 2. This case was referred to the undersigned pursuant to Special Order No. 3-251 on July 13, 2017. ECF No. 4. After consideration of the pleading and the applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DISMISS the Petition for Writ of Habeas Corpus (ECF No. 2) for want of prosecution without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

By Order entered on July 14, 2017, the Court notified Petitioner that his Petition for Writ of Habeas Corpus contained a variety of claims, including: civil rights violations, potential eligibility for release on mandatory supervision, and restoration of his good time and work time credits. ECF No. 2. Therefore, the Court ordered Petitioner to file an amended petition addressing all of his habeas claims by August 4, 2017. ECF No. 6. When Petitioner failed to comply with that

Order, the Court issued another Order on August 16, 2017, extending Petitioner's deadline to file an amended petition until September 5, 2017. ECF No. 7. The Court warned Petitioner that failure to comply with the Order may result in dismissal of his Petition for Writ of Habeas Corpus. *Id*. Petitioner has not responded to or complied with the Court's Order.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the court no choice but to deny that plaintiff its benefits." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Petitioner has been given ample opportunity to file an amended petition addressing all of his habeas claims. Although Petitioner has failed to comply with the Court's Orders requiring him to do so, subjecting his Petition to dismissal under Rule 41(b), dismissal with prejudice is not here warranted. Because Plaintiff has failed to comply with the Court's Orders, the undersigned

RECOMMENDS that the Petition for Writ of Habeas Corpus (ECF No. 2) be DISMISSED for want of prosecution without prejudice.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed September 15, 2017.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE